436 F.2d 1083
 James D. HODGSON, Secretary of Labor,
United States Department of Labor, Appellant-Cross-Appellee,
v.
WILLIAM LEN HOTEL COMPANY, Inc., a corporation and Southwest Hotel, Inc., a corporation, Appellees-Cross-Appellants.
 No. 20441.
 No. 20442.
 United States Court of Appeals, Sixth Circuit.
 January 11, 1971.
 
 Bobbye D. Spears, Dept. of Labor, Washington, D. C., for James D. Hodgson; Peter G. Nash, Sol. of Labor, Bessie Margolin, Associate Sol., Carin Ann Clauss, David A. Drachsler, Attys., U. S. Dept. of Labor, Washington, D. C., Marvin Tincher, Regional Atty., on brief.
 Charles J. Lincoln, II, Little Rock, Ark., for William Len Hotel Co., and others; House, Holmes & Jewell, Tom S. Lovett, Little Rock, Ark., on brief.
 Before CELEBREZZE and PECK, Circuit Judges, and McALLISTER, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 These appeals arise out of an action by the Secretary of Labor to enforce certain of the minimum wages provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., in order to force the William Len Hotel Company to pay its tipped employees higher wages. After a trial, the District Court found that the Hotel was paying its day-shift bellmen too little, but refused to enjoin the Company from future violations, and refused to order restitution of back pay, on the grounds that: the Hotel did not have a history of Fair Labor Standards Act violations; the proof of wages wrongfully withheld was inadequate; it would be inequitable to issue an injunction. The District Court did enjoin the Hotel to keep regular records on how much its bellmen received in tips. The Secretary appeals; the Hotel cross appeals.
 
 
 2
 Upon a review of the record in its entirety, we are of the opinion that the District Court's findings of fact are not clearly erroneous, and its conclusions in accordance with the law. Its refusals to grant restitution for the tipped employees and to grant a permanent injunction against future violations are supported by facts, circumstances, and equities sufficient to indicate proper exercise of discretion. See Shultz v. Mistleto Express Service, Inc., 434 F.2d 1267 (10th Cir., filed December 8, 1970).
 
 
 3
 The judgment of the District Court is affirmed.
 
 
 4
 Each party to pay its own costs.